UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-665-FDW

| | |
|---|---|
| ADAM ISAIAH LIONEL TRUESDALE, | ) |
| Plaintiff, | ) |
| vs. | ) **ORDER** |
| JAMES C. CACHERIS, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, (Doc. No. 1). Plaintiff is proceeding *in forma pauperis*. See (Doc. No. 8). Also pending are two Rule 12(b)(6) motions to dismiss that the United States Attorney's Office has filed under limited special appearance prior to service of process and has on behalf of Defendants Cacheris, Mullen, Smith, and Rose. (Doc. Nos. 4, 5).

**I.    BACKGROUND**

*Pro se* Plaintiff Adam Truesdale has filed a civil rights suit pursuant to 42 U.S.C. § 1983 with regards to his allegedly illegal Armed Career Criminal sentence in a federal criminal case that was imposed March 21, 2000, that resulted in his false imprisonment. Plaintiff names as Defendants: United States District Judges James C. Cacheris and Graham C. Mullen, Assistant United States Attorneys Jill Westmoreland Rose and Kenneth M. Smith, and appointed defense attorney Richard D. Falls.

Construing the Compliant liberally and accepting the allegations as true, Plaintiff was sentenced as an Armed Career Criminal pursuant to 18 U.S.C. § 924(e) on March 21, 2000. Plaintiff's 262-month sentence exceeds the statutory maximum of 10 years' imprisonment for the

1

offense of possession with intent to sell or deliver cocaine. He should have been released in 2008 but, as a result of the illegal sentence, he was not released until May 12, 2016. This sentence violated due process and arbitrarily enforced the law. Defendants engaged in misconduct by failing to apply equal protection to Plaintiff, which would have shown the presumptive term for drug offenses is three years' imprisonment pursuant to State law. The unconstitutional residual clause[1] indicates that the law is fallible. Plaintiff was falsely imprisoned which caused him anxiety and jeopardized his future success. Defendants deliberately disregarded Plaintiff's right of due process that left him incarcerated illegally for years. Plaintiff now suffers from anxiety and is not comfortable around people. Plaintiff is now being held in the Mecklenburg County Jail, where he has spent the last 15 months, the "assumption" of a probation violation. (Doc. No. 1 at 3). In fact, the illegal sentence was amended to time served, so there is no legal authority for any probation.

On March 21, 2000, Plaintiff explained to defense counsel, Mr. Falls, that he wanted to appeal the Armed Career Criminal sentence, but counsel said that he is an Armed Career Criminal and got the best deal that was possible with his priors. Plaintiff disagreed but counsel did not file an appeal. In 2001, Plaintiff asked for the transcript but his request was denied. On May 16, 2017, Plaintiff asked the Clerk of Court for assistance and he received no reply. In 2001, Plaintiff filed a motion requesting documents and transcripts to prepare his motion to vacate pursuant to 28 U.S.C. § 2255 (f)(3), which the Court denied.

The fact that Plaintiff's Armed Career Criminal sentence exceeded the statutory maximum and violated the constitution shows that Defendants violated due process and arbitrarily violated the law.

---

[1] Plaintiff is apparently referring to <u>Johnson v. United States,</u> 135 S. Ct. 2551 (2015), in which the United States Supreme Court announced that the Armed Career Criminal Act's ("ACCA") so-called residual clause is void for vagueness.

Plaintiff asks the Defendants to reopen his prior case, and he seeks compensatory damages for the eight years that he was illegally detained.

**II. STANDARD OF REVIEW**

Because Plaintiff is a prisoner proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). A complaint should not be dismissed for failure to state a claim "unless 'after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)).

A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a *pro se* complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). A *pro se* complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007);

3

see Ashcroft v. Iqbal, 556 U.S. 662 (2009) (the Twombly plausibility standard applies to all federal civil complaints including those filed under § 1983). This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). He must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. Id.

### III. DISCUSSION

**(1) Judicial Immunity**

"[J]udges are absolutely immune from suit for a deprivation of civil rights" for actions taken within their jurisdiction. King v. Myers, 973 F.2d 354, 356 (4th Cir. 1992). For immunity to apply, the act in question must be a "judicial act," that is, a "function [that is] normally performed by a judge, and [for which] the parties dealt with the judge in his or her judicial capacity." Id. A judge will not be deprived of immunity "because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." Stump v. Sparkman, 435 U.S. 349, 356-57 (1978).

Plaintiff alleges that Judges Cacheris and Mullen erred by imposing a sentence that exceeded the statutory maximum based on prior offenses that did not support enhanced sentencing.

Sentencing is a function normally performed by judges and Plaintiff has failed to allege that either Judge Cacheris or Mullen acted in the absence of any jurisdiction. Therefore, judicial immunity applies and the claims against them are dismissed.

**(2) Prosecutorial Immunity**

Prosecutors are absolutely immune as individuals from Section 1983 liability for acts

arising out of the exercise of their official functions. Imbler v. Pachtman, 424 U.S. 409, 418 (1976). This immunity applies only to the extent that prosecutors serve as advocates for the State. Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993). Therefore, a prosecutor's administrative and investigative duties that do not relate to the preparation for the initiation of a prosecution or for judicial proceedings are not entitled to absolute immunity. Id.

Plaintiff alleges that an error occurred in his sentencing that subjected him to imprisonment outside the statutory maximum for the relevant offense. Sentencing is a prosecutorial duty that is a traditional function of an advocate. Therefore, absolute prosecutorial immunity applies and the claims against Defendants Rose and Smith are dismissed.

**(3)** **Defense Counsel**

"To implicate 42 U.S.C. § 1983, conduct must be 'fairly attributable to the State.'" DeBauche v. Trani, 191 F.3d 499, 506 (4th Cir. 1999) (quoting Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982)). If the defendant is not a state actor, there must be a "sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions." DeBauche, 191 F.3d at 506. "[A] public defender does not act under the color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981).

Mr. Falls was not acting as a state agent when he was acting as Plaintiff's defense counsel in his federal criminal action, and therefore, the claims against him must be dismissed.

**IV.     CONCLUSION**

Plaintiff is unable to proceed against any of the Defendants he has identified in the Complaint, and it is evident that this deficiency cannot be cured through amendment. Therefore, the Complaint is dismissed with prejudice and this case is closed.

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint is dismissed pursuant to 28 U.S.C. § 1915.

2. The United States Attorney's Motions to Dismiss, (Doc. Nos. 4, 5), are denied as moot.

3. The Clerk is instructed to close this case.

Signed: December 21, 2017

Frank D. Whitney
Chief United States District Judge