# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### 3:17-cv-665-FDW

| | | |
|---|---|---|
| ADAM I.L. TRUESDALE, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| | ) | |
| JAMES C. CACHERIS, et al., | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

      **THIS MATTER** comes before the Court on Plaintiff's three *pro se* Motions in which he appears to seek reconsideration of the Court's Order on initial review dismissing the case.[1] (Doc. Nos. 12, 13, 14).

      *Pro se* Plaintiff Adam Truesdale filed a civil rights suit pursuant to 42 U.S.C. § 1983 against two United States District Court judges, two United States prosecutors, and appointed defense counsel, alleging that he has been falsely imprisoned pursuant to an illegal Armed Career Criminal Act sentence. (Doc. No. 1). The Court dismissed the Complaint on initial review after finding that Plaintiff was unable to proceed against any of the Defendants and it was evident that the deficiency could not be cured through amendment. (Doc. No. 9).

      In the instant Motions, which are in the nature of a Rule 59(e) motions for reconsideration, Plaintiff reiterates his claims that his armed career criminal sentence was illegal and contends that

---

[1] The Motions are entitled "Rule 12(b)(6) Motion to Counterclaim Motion for Dismissal by Defendants the Honorable Graham C. Mullen and James C. Cacheris," (Doc. No. 12); "Rule 12(b)(6) Motion to Counterclaim Motion for Dismissal by Defendants Jill Westmoreland Rose and Kenneth M. Smith," (Doc. No. 13); and "Rule 12(b)(6) Motion to Counter Motion for Dismissal by Defendant Richard D. Falls," (Doc. No. 14).

the Defendants are amenable to suit because his enhanced sentence exceeded the statutory maximum.

Regarding his motions to alter or amend a judgment under Rule 59(e), the Fourth Circuit has explained that

> [a] district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice."

Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id. Indeed, the circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)).

Plaintiff has not shown the existence of the limited circumstances under which a Rule 59(e) motion may be granted. The motion for reconsideration is based on a factual assertion that were or could have been raised in the Complaint. His attempt to show that the Defendant judges acted outside their jurisdiction by imposing a sentence that was later declared illegal due to a subsequent change in law is unavailing. Plaintiff's motion does not present evidence that was unavailable when he filed his Complaint, nor does the motion stem from an intervening change in the applicable law since the Complaint was filed. Furthermore, Plaintiff has not shown that a clear

error of law has been made, or that failure to grant the motion would result in manifest injustice.

See Hill, 277 F.3d at 708.  In sum, the Court will deny the Plaintiffs' motion for reconsideration.

   **IT IS, THEREFORE, ORDERED** that Plaintiffs' Motions for reconsideration, (Doc.

Nos. 12, 13, 14), are **DENIED**.

Signed: March 9, 2018

Frank D. Whitney
Chief United States District Judge